Citation Nr: 1448570 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-49 379 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include as due to exposure to non-ionizing, microwave radiation resulting from his military duties as an automatic tracking radar repairman.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Higgs, Counsel

INTRODUCTION

The Veteran served on active duty from October 1972 to June 1976. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in April 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.
 
This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless appeals processing systems. Accordingly, any future action regarding this case should take into consideration the existence of these electronic records.
 
The Veteran provided testimony at a December 2011 hearing before a Veterans Law Judge. A transcript of the hearing is associated with the claims file. In March 2014, the Board notified the Veteran that the Veterans Law Judge who conducted the December 2011 hearing was no longer employed by the Board. The Veteran was issued a letter offering him the opportunity to testify at another hearing, but the Veteran did not reply respond to the Board's letter.
 
This matter was previously before the Board in May 2012, at which time the Board found that new and material evidence had not been received to reopen the Veteran's claim for service connection for a psychiatric disorder. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In April 2013, the Veteran, through his attorney, and the Secretary of VA submitted a Joint Motion for Remand (Joint Motion). In an April 2013 Order, the Court granted the Joint Motion, set aside the May 2012 Board decision, and remanded the case to the Board for further appellate review.
 
In a Board decision and remand dated in May 2014, the Board found that new and material evidence had been received to reopen the claim and remanded the claim for further development and adjudication.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

As noted, in May 2014 the Board reopened the Veteran's claim and remanded the matter for further development and adjudication. The development requested included scheduling the Veteran for a VA examination to assess the nature and etiology of the Veteran's diagnosed psychiatric disorder, and obtaining an opinion as to whether it is at least as likely as not (i.e., whether there is a 50 percent or greater probability) that any psychiatric disorder is causally or etiologically related to the Veteran's military service, to include exposure to non-ionizing radiation. 
 
At a June 2014 VA examination, the examiner noted that the Veteran's psychiatric disability is not a presumed radiation-related disorder; this conclusion is not sufficient to satisfy VA's duty to assist in this matter. A mere finding that the Veteran's disorder is not on a presumptive list is not a sufficient medical opinion. See Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). Further, as noted in the Board's May 2014 decision and remand, the regulatory provisions regarding radiation-related presumptive conditions pertain to those found involving ionizing radiation, whereas this claim involves a claim of psychiatric disability as due the non-ionizing radiation to which a military radar repairman such as the Veteran would have been exposed. The Court has taken judicial notice that radar equipment emits microwave-type non-ionizing radiation which is not subject to review under the ionizing radiation statute and regulations. See Rucker v. Brown, 10 Vet. App. 67, 69-72 (1997). As a result, the Veteran should be provided a new VA examination and opinion based on a more accurate understanding of the medical opinions required. See 38 C.F.R. 5103A(d) (West 2002).
 
On remand, the AOJ should seek to obtain any additional relevant records of medical treatment. See 38 U.S.C.A. § 5103A(a)-(c).

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran to identify all records of VA and non-VA health care providers who have treated him for psychiatric disability but that may not have been previously received into his VA claims file. 

After obtaining any appropriate authorizations for release of medical information, the AOJ should seek to obtain any potentially relevant and available records that have not been previously received from each health care provider the Veteran identifies. 

2. Once all available relevant medical records have been received, schedule the Veteran for a VA examination to determine whether it is at least as likely as not (whether there is a 50 percent or greater probability) that the Veteran has current psychiatric disability that began during service or is related to some incident of service. The AOJ must send the claims file to the examiner for review, and the clinician should indicate that the claims file was reviewed. 

The examiner should provide a fully reasoned explanation for his or her opinions, based on established medical principles and his or her clinical experience and medical expertise. The examiner should provide references to medical literature as appropriate. It should be noted that generally a Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical or historical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation for any such finding.

The Veteran's personnel records confirm that his military occupational specialty was that of automatic tracking radar repairman.

The examiner must take into account that the Court of Appeals for Veterans Claims has taken judicial notice that radar equipment emits microwave-type non-ionizing radiation which is not subject to review under the ionizing radiation statute and regulations. Rucker, 10 Vet. App. at 69-72, citing "The Microwave Problem," Scientific American, September 1986; "Effects upon Health of Occupational Exposure to Microwave Radiation (RADAR)," American Journal of Epidemiology, Vol. 112, 1980; and "Biological Effects of Radiofrequency Radiation," United States Environmental Protection Agency, September 1984. Thus, a finding by the examiner that the Veteran does not have a disorder that is presumptively related to ionizing radiation will be returned to the examiner as an inadequate medical opinion.

The examiner must review the service treatment records, which show treatment for an anxiety reaction in February 1973; a September 1974 voucher for treatment of chest pain of unknown etiology; two incidents of treatment for stress and a finding of chest discomfort most likely related to stress in October 1974, with prescription of anti-anxiety medication; and a February 1975 voucher for treatment nervous tension. The examiner should also review the June 1976 separation history and examination which include a history of nervous trouble, and for the year 1975 of anxiety due to long working hours and chest pain of unknown etiology.
 
The examiner must review the journal article, associated with the claims file, entitled "Microwave Bioeffect Congruence with Schizophrenia," by John J. McMurtrey, which reviewed the correlation between bioeffects of microwave radiation and schizophrenia. The document is indicated in VBMS as having been received in April 2009.

Initially, the examiner must identify all psychiatric diagnoses appropriate to the Veteran's psychiatric symptoms.

For each diagnosed psychiatric disorder, the examiner must provide an opinion as to whether it is at least as likely as not (whether there is a 50 percent or greater probability) that the disorder is related to the Veteran's in-service anxiety that is discussed in his service treatment records or to any other incident therein. 

For each diagnosed psychiatric disorder, the examiner must provide an opinion as to whether it is at least as likely as not (whether there is a 50 percent or greater probability) that the disorder is related to the Veteran's in-service exposure to microwave radiation such as was incurred during his duties as an automatic tacking radar repairman.

The examiner must provide an opinion as to whether it is at least as likely as not that the Veteran experienced a psychosis within one year after discharge from active service. 

3. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

4. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

5. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.
Thereafter, the AOJ should review the claims file and ensure that no other notification or development action, in addition to that directed above, is required. If further action is required, the AOJ should undertake it before further adjudication of the claim.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This appeal must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).